IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KEVIN J. JACKSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civ. No. 13-233-SLR |
| OFFICER GULA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background**. Plaintiff, a former inmate at FCI Cumberland, Cumberland, Maryland, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that excessive force occurred on February 26, 2011 during an incident with Wilmington police officers that resulted in injuries and his hospitalization.[1] He proceeds pro se and has been granted leave to proceed in forma pauperis. Currently pending are numerous motions filed by the parties. (D.I. 68, 69, 70, 71, 86, 90, 92)

2. **Motion for leave to amend**. Plaintiff moves for leave to amend to identify defendants "unknown officers" and add claims against them. (D.I. 68) The court previously denied plaintiff's motion for leave to amend the complaint to add defendants (D.I. 59) and advised plaintiff to comply with Local Rule 15.1 which provides that a party who moves to amend a pleading shall attach to the motion the proposed pleading, as amended, and shall indicate in what respects it differs from the pleading which it amends. (See D.I. 63, citing D. Del. LR 15.1) Plaintiff's first motion for leave to amend, found at docket item 59, only listed the names of the officers. However, his renewed

---

[1] Plaintiff was released from the Federal Bureau of Prisons on February 28, 2014. (See D.I. 51)

motion provides a description of officers who were present during the February 2011 incident. (D.I. 68) Defendants oppose the motion on the grounds that it does not comply with Local Rule 15.1. (D.I. 75)

3. The court will grant the motion for leave to amend. Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Plaintiff proceeds pro se and, therefore, is given some latitude. He has now identified the "unknown officers" and provided a partial description of their alleged acts. Therefore, plaintiff will be ordered to file an amended complaint that incorporates his proposed amendments and the identified officers.[2]

4. **Motions for protective order and for sanctions**. Defendants move for protective orders to preclude plaintiff from propounding additional interrogatories beyond the scope of the Federal Rules of Civil Procedure (D.I. 70) and to preclude

---

[2]The court has amended the scheduling order to extend discovery. It will be further amended upon the filing of an amended complaint and service of newly added defendants.

2

plaintiff from propounding interrogatories upon non-party Officer Satterfield ("Satterfield"). (D.I. 71) Plaintiff opposes the motions and moves for sanctions to compel defendants to answer the interrogatories and to further sanction defendants because defense counsel wrote him letters rather than file documents. (D.I. 69, 89, 90) The court will deny defendants' motions for protective orders without prejudice to renew and will deny plaintiff's motions for sanctions. Plaintiff is admonished to follow the Federal Rules of Civil Procedure when pursuing discovery and, in particular, with the number of interrogatories propounded. Sanctions are not warranted inasmuch as defendants complied with the Federal Rules of Civil Procedure in declining to answer interrogatories propounded above the maximum number allowed. Nor do the rules preclude defendants from writing to plaintiff. Finally, the court will grant plaintiff's motion for leave to amend (see ¶ 3, supra) which will add Satterfield as a defendant once an amended complaint is filed. Thereafter, plaintiff may seek discovery from him as a party defendant.

5. **Defendants' motion for sanctions and plaintiff's deposition**. Defendants move for sanctions and to compel plaintiff's attendance at his deposition. (D.I. 86) They also move to enlarge the discovery deadline for the limited purpose of deposing plaintiff. (D.I. 92) The court will deny defendants' motion for sanctions, will grant the motion to compel plaintiff's attendance at his deposition, and will grant the motion to enlarge the discovery deadline.

6. The original April 7, 2014 discovery deadline was extended to August 7, 2014 upon motion by plaintiff. (D.I. 56) On May 16, 2014, defendants filed and served plaintiff with a notice to take his video deposition on July 2, 2014 in Wilmington,

3

Delaware. (D.I. 64) On June 30, 2014, plaintiff filed an opposition to the deposition on the grounds that he could not ably represent himself. (D.I. 80) On June 30, 2014, defense counsel made several attempts to contact plaintiff to verify his attendance at the deposition, but plaintiff did not respond to telephone messages. (D.I. 86, ex. 1) Plaintiff did not appear at the deposition. (*Id.*) Defendants seeks sanctions for plaintiff's failure to attend his deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A), including $609 for court reporter and videographer fees and reasonable attorney fees. Defendants also seek to compel plaintiff's attendance at his deposition. Plaintiff opposes the motion on the grounds that he has speech problems, a learning disability and an ADHD, and is "not able to properly represent [himself] without a lawyer being present." (D.I. 87) Finally, defendants move to enlarge the discovery deadline for the limited purpose of taking plaintiff's deposition. (D.I. 92) Again, plaintiff opposes the motion on the grounds that he is not qualified to represent himself during a deposition. (D.I. 93)

7. Sanctions are available when a party fails to appear for the party's deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1). Given plaintiff's pro se status and, that prior to the deposition, he objected in writing, the court declines to grant the motion for sanctions. Plaintiff will be ordered to attend his deposition at a time and place agreed upon by the parties. Plaintiff is placed on notice that should he fail to attend his deposition, he may be subject to sanctions, including dismissal of the case pursuant to Fed. R. Civ. P. 37(b) and (d). The scheduling order will be amended to extend the time to depose plaintiff.

4

8. **Conclusion**. For the above reasons, the court will: (1) grant the motion for leave to amend (D.I. 68); (2) deny all motions for sanctions (D.I. 69, 86, 90); (3) deny without prejudice to renew the motions for protective orders (D.I. 70, 71); (4) grant the motion to compel plaintiff's attendance at his deposition (D.I. 86); and (5) grant the motion to enlarge the discovery deadline (D.I. 91). A separate order shall issue.

Dated: September 15, 2014

UNITED STATES DISTRICT JUDGE